# EXHIBIT A

# SUMMONS - CIVIL

JD-CV-1 Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA.

**STATE OF CONNECTICUT
SUPERIOR COURT**
www.jud.ct.gov



Instructions are on page 2.

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 123 Hoyt Street, Stamford, Connecticut 06905 | ( 203 ) 965 - 5308 | 06/15/2021 |

| ☒ Judicial District  G.A. | At (City/Town) | Case type code (See list on page 2) |
|---|---|---|
| ☐ Housing Session  ☐ Number: ___ | Stamford | Major: T   Minor: 90 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Phillips & Associates PLLC, Marjorie Mesidor, 585 Stewart Ave, Ste 410, Garden City, NY 11530 | 423564 |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| ( 212 ) 248 - 7431 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☒ Yes  ☐ No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed): MMesidor@tpglaws.com

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: Keri-Ann McGregor<br>Address: c/o Phillips & Associates PLLC, 585 Stewart Avenue, Suite 410, Garden City, New York 11530 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: 3 Gen, LLC d/b/a Prestige VW of Stamford<br>Address: via place of business - 42 West Broad Street, Stamford, Connecticut 06902 | D-01 |
| Additional defendant | Name: Phillip Demersky, Individually,<br>Address: via place of business 42 West Broad Street, Stamford, Connecticut 06902 | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 2 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
**The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 05/17/2021 | X /s/ | ☐ Clerk | Marjorie Mesidor |

**If this summons is signed by a Clerk:**
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

For Court Use Only
File Date

ATTEST:
A TRUE AND ATTESTED COPY
GEORGE E. CHRISTIANSEN
CT STATE MARSHALL

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date |
|---|---|---|

Page 1 of 2

**SUPERIOR COURT OF THE STATE OF CONNECTICUT**
**NORWALK JUDICIAL DISTRICT AT STAMFORD**

-----------------------------------------------------------------------X  Docket No.:

KERRI-ANNE MCGREGOR,

                Plaintiff,  **COMPLAINT**

    - against -

3 GEN, LLC d/b/a PRESTIGE VW OF STAMFORD  **PLAINTIFF DEMANDS**
and PHILLIP DEMERSKY, Individually,  **A TRIAL BY JURY**

                Defendants.
-----------------------------------------------------------------------X

KERRI-ANNE MCGREGOR, ("Plaintiff"), by and through her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, against 3 GEN, LLC dba PRESTIGE VW OF STAMFORD ("PRESTIGE VW") and PHILLIP DEMERSKY ("DEMERSKY"), individually, (collectively, as "Defendants") alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1. This is a civil action based upon violations that Defendants committed of Plaintiff's rights guaranteed to her by: (i) the sex discrimination and retaliation provisions of the **Title VII of the Civil Rights Act of 1964**, as amended ("Title VII"); (ii) the sex discrimination and retaliation provisions of the **Connecticut Fair Employment Practices Act**, Conn. Gen. Stat. §46a-60 *et seq.*; ("CFEPA"); and (iii) any other claim(s) that can be inferred from the facts set forth herein.

## PROCEDURAL PREREQUISITES

2. Plaintiff timely filed a complaint, upon which this Complaint is based, with the State of Connecticut Commission on Human Rights and Opportunities on March 18, 2021.

3. Plaintiff received a Release of Jurisdiction on May 11, 2021 with respect to the instant



ATTEST: _____
A TRUE AND ATTESTED COPY
GEORGE E. CHRISTIANSEN
CT STATE MARSHALL

charges of discrimination. A copy of the Release of Jurisdiction is annexed to this Complaint.

4. This action is being commenced within 90 days of receipt of the Release of Jurisdiction.

5. Pursuant to Conn. Gen. Stat. §46a-103, copy of the this complaint was served upon the Commission on May 17, 2021.

## PARTIES

6. Plaintiff is a woman and, at all relevant times herein, was and is a resident of the State of Connecticut. She was and is a "person" and an "employee" entitled to protection as defined by Title VII and the CFEPA.

7. At all relevant times herein, Defendant PRESTIGE VW was and is a Connecticut corporation, with its principal place of business located at 42 West Broad Street, Stamford, Connecticut 06902.

8. At all relevant times herein, Defendant DEMERSKY was employed by Defendant PRESTIGE VW as a general manager. In his role as general manager, Defendant DEMERSKY directly supervised certain employees, including Plaintiff. Additionally, Defendant DEMERSKY had the authority to affect the terms and conditions of Plaintiff's employment.

9. At all relevant times herein, both Defendant PRESTIGE VW "employs" fifteen and thus [three] or more "employees," and is thus an "employer" within the meaning of Title VII and the CFEPA, while Defendant DEMERSKY is an "employer" and "person" within the meaning of Title VII and the CFEPA.

## MATERIAL FACTS

10. Defendant PRESTIGE VW owns and operates a car dealership in Stamford, Connecticut (the "Dealership").

11. From October 2013 to November 2016, Plaintiff worked for Defendant PRESTIGE VW as a Receptionist at the Dealership.

12. In August of 2019, Plaintiff returned to work for Defendant PRESTIGE VW as a Coster earning an hourly wage of $29.

13. As a Coster, Plaintiff's job duties included, but were not limited to, managing the schedules with respect to deal payments and commissions, as well as cash deposits and inventory.

14. Plaintiff's work performance consistently met or exceeded reasonable expectations.

15. In the summer of 2016, when Plaintiff's car would not start on her way back to work from a break, she called Defendant DEMERSKY for assistance. After jumpstarting Plaintiff's car and returning to the Dealership, Defendant DEMERSKY sent Plaintiff a text message stating that if they were not both married, they could "work something out" referring to Plaintiff's inability to afford to replace her car battery.

16. Since then, Defendant DEMERSKY made sexual advances towards Plaintiff including, but not limited to, making inappropriate sexual comments to her and touching her body.

17. Defendant DEMERSKY would massage Plaintiff's shoulders and poke her in her breasts with a ruler. This was particularly painful to Plaintiff as she was breastfeeding her child at the time.

18. Plaintiff left the employment of Defendant PRESTIGE VW in 2016, but remained in touch with staff employees there.

19. In January of 2018, when Plaintiff went to Defendant PRESTIGE VW to purchase a car, Defendant DEMERSKY insisted that Plaintiff return to work at the Dealership in the new Office Manager position that had recently been posted.

20. On August 27, 2019, in order to work closer to home and, therefore, be better able to care for her two young children, Plaintiff returned to work for Defendant PRESTIGE VW.

21. Although she had applied for the manager position which Defendant DEMERSKY had told her about, Defendant PRESTIGE VW hired Plaintiff for the lower paying position of Coster.

22. Defendant DEMERSKY assured Plaintiff that, with time, she would obtain a manager role.

23. When she returned to work, Plaintiff was breastfeeding and Defendant DEMERSKY would sometimes bang on the door of the room where she was lactating in an attempt to enter even though Plaintiff's had put up a sign advising that the room was being used as a lactation room.

24. In what he claimed to be a joke, Defendant DEMERSKY would peek into the lactation room as Plaintiff was using it when she forgot to lock the door.

25. Throughout the year, Defendant DEMERSKY made sexual offers to Plaintiff. Embarrassed, Plaintiff would brush off his offers.

26. Most times that Plaintiff entered Defendant DEMERSKY's office in an attempt to carry out business, Plaintiff was forced to endure sexual harassment.

27. Defendant DEMERSKY's harassment of Plaintiff often took the form of offering her things, including a pricey modification of her car, in exchange for sexual favors.

28. After Defendant PRESTIGE VW acquired the building next door to the Dealership, Defendant DEMERSKY repeatedly invited Plaintiff to go to the building with him saying things like "You don't have to do anything; I promise," or "I just need you to be there for a visual." Defendant DEMERSKY was so insistent that Plaintiff capitulated one day but brought a female co-worker along with her for protection.

29. At times, Defendant DEMERSKY would call Plaintiff and say things such as "I need to relieve stress" because he had a bunch of "dumbasses" working for him.

30. Plaintiff endured the ongoing harassment for approximately one year in order to, among

4

other things, continue to work in close proximity to her home, which enabled her to care for her children and father when they fell ill without taking up much of Plaintiff's time working.

31. In Plaintiff's zeal to obtain the Office Manager position, she accepted increasing responsibility and tasks at the Dealership. In fact, Plaintiff was also one of only three employees who came into work during the COVID-19 pandemic.

32. As Plaintiff continued to refuse Defendant DEMERSKY's sexual advances, Defendant DEMERSKY became increasingly hostile even while taking advantage of Plaintiff's eagerness to assume the role of Office Manager.

33. Defendant DEMERSKY would ask Plaintiff to come into work on Saturdays and work off the clock even when she did not have access to childcare thereby forcing her to bring her children with her to work.

34. Defendant DEMERSKY even required Plaintiff to leave the side of her child's sickbed at the hospital to attend to work.

35. Defendant DEMERSKY once asked Plaintiff to come in on her day off during the height of the COVID-19 pandemic in order to pull a single paper file.

36. One morning in or around June of 2020, Plaintiff entered Defendant DEMERSKY's office to ask him what the procedure was for some deal documents that were placed on her desk. Defendant DEMERSKY responded by loudly and intimidatingly telling Plaintiff that she should not enter his office "acting like a bitch so early" and slammed the door in her face.

37. In August 2020, after one year of working as a Coster with Defendant PRESTIGE VW, Plaintiff asked Defendant DEMERSKY about the role of Office Manager. Defendant DEMERSKY responded, "You know what you have to do to secure the role."

38. On the morning of October 22, 2020, Plaintiff arrived at work, greeted Defendant

5

DEMERSKY, and went to her office. Soon thereafter, Defendant DEMERSKY called Plaintiff and told her she looked nice. Defendant DEMERSKY called Plaintiff throughout the day to say she looked nice. During one such phone call, Defendant DEMERSKY insisted again that Plaintiff go to the building next door with him.

39. Later that morning, Defendant DEMERSKY and a sales manager were making fun of a saleswoman dressed in a short dress. Defendant DEMERSKY came into Plaintiff's office and directed her to take a walk with him outside to see what the saleswoman was wearing. Defendant DEMERSKY then insisted that Plaintiff tell the saleswoman that her attire was inappropriate.

40. Although Plaintiff believed that such a discussion was something a manager should undertake, she agreed to engage in the conversation with the saleswoman. The saleswoman accepted Plaintiff's input and agreed to change her clothes. Nonetheless, Defendant DEMERSKY's telephone calls to Plaintiff continued.

41. Defendant DEMERSKY called Plaintiff to go into his office and told her that she would not have to touch him but that he needed her there because she looked sexy. Plaintiff politely declined but Defendant DEMERSKY persisted.

42. Defendant DEMERSKY then proceeded to send Plaintiff emails stating that he needed help to which Plaintiff responded "enough." Plaintiff went home that day feeling more disgusted than ever.

43. Plaintiff returned to work later that week and Defendant DEMERSKY barely spoke to her.

44. On October 26, 2020, feeling that she could no longer tolerate the intolerable, hostile working conditions, Plaintiff handed Defendant DEMERSKY her letter of resignation despite being in need of income to support her two children and pay off the costly vehicle she had purchased from Defendant PRESTIGE VW.

6

45. The following day, Plaintiff learned from a former co-worker that the very Office Manager position for which Plaintiff had worked hard and endured harassing behavior in the hopes of prevailing was posted online. On October 29, 2020, Plaintiff returned to the Dealership to pack her belongings and drop off her office keys.

46. Shocked, Plaintiff called Defendant DEMERSKY to ask whether she would have been offered the Office Manager position if she had gone to the building next door to the Dealership with him. Defendant DEMERSKY's responded, "Well, I tried to help and you never wanted to talk about it and the position has been filled."

47. After receiving counsel from her sister who worked as a Human Resources profession for a major company, Plaintiff decided to reach out to Krista Memmelaar ("Memmelaar"), Vice President Human Resources and Organization Development, to fully explain what she had endured while employed with Defendant PRESTIGE VW and why she had chosen not to come forward earlier.

48. Memmelaar responded that she would investigate the matter and that such behavior was not tolerated. However, upon information and belief, as of October 31, 2020, Defendant DEMERSKY was still employed at the Dealership and his harassment of Plaintiff has gone unaddressed.

49. **Defendants' actions and conduct were intentional and intended to harm Plaintiff**.

50. As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

51. Additionally, as a result of Defendants' discriminatory treatment of Plaintiff, she has suffered pecuniary loss, severe emotional distress, and physical ailments.

52. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, loss of

enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

53. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

**FIRST CAUSE OF ACTION AGAINST DEFENDANT PRESTIGE VW**
*Sex Discrimination in Violation of Title VII*

54. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55. 42 U.S.C. § 2000e-2(a)(1), states in relevant part:

> It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, **sex**, or national origin[.] (Emphasis added)

56. As described above, Defendant PRESTIGE VW discriminated against Plaintiff on the basis of her sex, in violation of Title VII, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of Plaintiff based on her sex.

57. As a result of the unlawful discriminatory conduct of Defendant PRESTIGE VW in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

58. The unlawful discriminatory actions of Defendant PRESTIGE VW constitute malicious,

8

willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

### SECOND CAUSE OF ACTION AGAINST DEFENDANT PRESTIGE VW
*Retaliation in Violation of Title VII*

59. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60. 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> [T]o ... discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

61. As described above, Plaintiff engaged in protected activities, including opposing Defendant DEMERSKY's discrimination based on Plaintiff's sex.

62. As described above, after Plaintiff engaged in activity protected by Title VII, Defendant PRESTIGE VW took adverse actions against Plaintiff that would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

63. As a result of the retaliatory conduct of Defendant PRESTIGE VW in violation of Title VII, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

64. The unlawful discriminatory actions of Defendant PRESTIGE VW constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of

9

punitive damages.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS
*Sex Discrimination in Violation of the CFEPA*

65. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66. Connecticut General Statute § 46a-60(b)(1) provides that:

> It shall be a discriminatory practice in violation of this section: For an employer, by the employer or the employer's agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ or to bar or to discharge from employment any individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment because of the individual's race, color, religious creed, age, **sex**, gender identity or expression, marital status, national origin, ancestry, present or past history of mental disability, intellectual disability, learning disability, physical disability, including, but not limited to, blindness or status as a veteran[.] (Emphasis added)

67. As described above, Defendants discriminated against Plaintiff on the basis of her sex, in violation of CFEPA, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of Plaintiff based on Plaintiff's sex.

68. As a result of Defendants' unlawful discriminatory conduct in violation of the CFEPA, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

69. As a result of Defendants' unlawful discriminatory conduct in violation of CFEPA, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering, for which she is entitled to an award of monetary

10

damages and other relief.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
*Retaliation in Violation of the CFEPA*

70. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

71. Connecticut General Statute § 46a-60(b)(4) provides that:

> It shall be a discriminatory practice in violation of this section: For any person, employer, labor organization or employment agency to discharge, expel or otherwise discriminate against any person because such person has opposed any discriminatory employment practice or because such person has filed a complaint[.]

72. As described above, Plaintiff engaged in protected activities, including opposing Defendant DEMERSKY's discrimination based on Plaintiff's sex.

73. As described above, after Plaintiff engaged in activity protected by the CFEPA, Defendants took adverse actions against Plaintiff that would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

74. As a result of Defendants' retaliatory conduct in violation of the CFEPA, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

## **JURY DEMAND**

75. Pursuant to Super. Ct. Civ. R. 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII and the CFEPA, in that Defendants discriminated against Plaintiff on the basis of her sex and retaliated against Plaintiff for complaining about this discrimination;

B. Restraining Defendants from any retaliation against Plaintiff for participating in any form in this litigation;

C. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

D. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: Garden City, New York
May 17, 2021

**PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC**

/s/
Marjorie Mesidor
585 Stewart Avenue, Suite 410
Garden City, New York 11530
T: (212) 248-7431
F: (212) 901-2107
Juris No.:423564
mmesidor@tpglaws.com

12

ATTEST:
A TRUE AND ATTESTED COPY
GEORGE E. CHRISTIANSEN
CT STATE MARSHALL

SUPERIOR COURT OF THE STATE OF CONNECTICUT
NORWALK JUDICIAL DISTRICT AT STAMFORD

---------------------------------------------------------------------------X  **Docket No.:**

KERRI-ANNE MCGREGOR,

        Plaintiff,                                     **AMOUNT IN DEMAND**

- against -

                                                            **PLAINTIFF DEMANDS**
3 GEN, LLC d/b/a PRESTIGE VW OF STAMFORD and   **A TRIAL BY JURY**
PHILLIP DEMERSKY, Individually,

        Defendants.
---------------------------------------------------------------------------X

        Pursuant to Conn. Gen. Stat. § 52-91, Plaintiff hereby claims for each claim that the damages sought are greater than Fifteen Thousand Dollars ($15,000), exclusive of interests and costs.

Dated: Garden City, New York
        May 17, 2021

                                                    **PHILLIPS & ASSOCIATES,**
                                                    **ATTORNEYS AT LAW, PLLC**

                                                          /s/
                                                   Marjorie Mesidor
                                                   585 Stewart Avenue, Suite 410
                                                   Garden City, New York 11530
                                                   T: (212) 248-7431
                                                   F: (212) 901-2107
                                                   Juris No.:423564
                                                   mmesidor@tpglaws.com

ATTEST:
A TRUE AND ATTESTED COPY
GEORGE E. CHRISTIANSEN
CT STATE MARSHAL